

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Travis Co,*

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2765
Re: Under the facts stated, is
claim for motor fuel tax
refund invalidated and void-
ed so as to require Comp-
troller of Public Accounts,
under Article 4350, Revised
Civil Statutes of Texas, 1925,
to consider the claimant in-
debted to the State in the
amount of such refund warrant,
in the issuance of future
warrants.

Your letter of September 19, 1940, submits for
the opinion of this department the following inquiries:

"Subsection c of Section 13 of the Refund
Section of the Motor Fuel Tax Law, in Senate
Bill 179, Acts of the Regular Session of the
Forty-sixth Legislature, provides that invoice
of exemption must issue at the time of delivery
of the motor fuel, and not thereafter. Sub-
section d of the same section provides that the
claimant must file claim with the Comptroller
within six months, and, '. . . said affidavit
(the claim) shall be accompanied by the dupli-
cate copy of the invoice of exemption above
referred to, and the Comptroller may require
other affidavits of such form and time as he
may deem advisable, and if he finds that such
claims are just and that the taxes have actual-
ly been paid, then he shall, within sixty days,
issue warrant, or warrants, for the amount due
claimant.'

"A claim, in compliance with the Motor

Honorable George H. Sheppard, Page 2

Fuel Refund Act, is filed with the Comptroller and, after careful audit, the Comptroller is satisfied that the claim is just and that the taxes have actually been paid, and issues warrant in payment of same. Subsequent investigation discloses the fact that some of the invoices of exemption issued in support of the above mentioned claim were not issued at the time of delivery of the motor fuel.

"Does such information invalidate the payment of the claim as made by the Comptroller?

"Is the Comptroller required to set up a claim against the claimant for the amount of the claim as reflected by the invoices of exemption that were not issued at the time of delivery?

"In every other respect the claim is entirely regular. The motor fuel purchased in support of the claim has been used for exempt purposes."

As pertinent to the instant inquiry we quote the following provisions of Section 13, Article 7065a, Vernon's Annotated Revised Civil Statutes of Texas, with emphasis upon the portions thereof deemed by us particularly significant:

"(c) Upon each delivery by licensee, or upon each appropriation for use of motor fuel upon which a refund of the tax may be claimed, an invoice of exemption shall be made out at the time of such delivery, or of such appropriation for use, which invoices of exemption shall state: the number of the license of the licensee; the number of gallons of motor fuel thus delivered or appropriated; the purpose for which such motor fuel will be used, or is intended to be used; the date of purchase, and the date and place of delivery, or appropriation; the name of the purchaser or user; the name of the agent or employee actually making

Honorable George H. Sheppard, Page 3

the purchase, or appropriation, if any; the seller and place of business of seller; the manner of delivery. And the said invoice of exemption shall show thereon such other information as the Comptroller may require; and no refund shall be allowed unless the seller or licensee, at the time of any such delivery, or appropriation for use, and not thereafter, executes such an invoice of exemption as provided above.

"And provided, further, that the person selling such motor fuel, or the licensee, in issuing invoices of exemption to the user of such motor fuel, shall make such invoices in duplicate, the duplicate of which shall be delivered to the user of such motor fuel, and the original shall be retained by the licensee for a period of two (2) years, at the place of business designated in the dealer's license, in the same manner and subject to the same examination as required of other records of motor fuel to be kept.

"Each invoice of exemption issued by licensee shall be issued at the time of delivery by the licensee, or his employee, and shall also be signed by the user of such motor fuel, or by his duly authorized agent. The licensee or employee of licensee shall not sign for the purchaser when issuing the invoice of exemption.

"(d) When a claimant purchases or acquires for use motor fuel upon which a refund of the tax may be due, he shall within six (6) months from the date of purchase of motor fuels upon which a refund is claimed, and not thereafter, file with the Comptroller an affidavit, on such forms as may be prescribed by the Comptroller. Said affidavit shall include a statement as to the source or place of purchase or acquisition of such motor fuel used for purposes other than in propelling motor vehicles over the highways

Honorable George H. Sheppard, Page 4

of this State; that the information stated in the attached duplicate copy of the invoice of exemption is true and correct, and the manner in which said motor fuel was used, and that no part of said motor fuel was used in propelling motor vehicles over the highways of this State. Said affidavit shall be accompanied by the duplicate copy of the invoice of exemption above referred to, and the Comptroller may require other affidavits in such form and time as he may deem advisable, and if he finds that such claims are just, and that the taxes claimed have actually been paid, then he shall within sixty (60) days issue warrant or warrants for the amounts due claimant, but no warrant shall be paid by the State Treasurer after twelve (12) months from the date thereof, and if such warrant is not presented within twelve (12) months from the date thereof, claimant shall forfeit his right to the refund."

Article 7065a-13 (e), Vernon's Annotated Revised Civil Statutes of Texas, provides that the Comptroller shall issue to any licensed seller of refund motor fuel a book, or books, of blank invoices of exemption, which shall be properly accounted for and shall not be transferable or assignable unless authorized by the Comptroller. It is further provided that "no forms of invoice of exemption shall be used by the dealer or user of refund motor fuel other than those issued and furnished by the Comptroller."

In connection with the foregoing official forms of invoices of exemption, we are advised that excerpts from the above-quoted provisions of the Motor Fuel Tax Law, including the requirement that no refunds shall be allowed unless the invoice of exemption is executed at the time of delivery of the motor fuel, are printed in plain and legible type upon the face of said invoices of exemption. This is for the purpose of bringing to both the seller and the user of refund motor fuel actual knowledge and notice of these statutory requirements, in addition to the presumptive knowledge which arises under well known legal presumptions.

Moreover, it will be noted from the underlined provisions of the above-quoted portions of the Motor Fuel Tax Law, that the duplicate of the invoice of exemption which is required to be executed at the time of delivery of the motor fuel, is given to and remains with the user of such motor fuel, i.e., the tax refund claimant. And such user or claimant is additionally tied into the transaction by being required to sign the invoice of exemption, and the licensee or his agent is expressly prohibited from signing for said purchaser or user. And when such claimant or user seeks to recover from the Comptroller the refundable tax, he is required to file an affidavit with the Comptroller, containing certain designated facts, including a statement that the "information stated in the attached duplicate copy of the invoice of exemption is true and correct." A duplicate copy of the invoice of exemption is required to accompany said affidavit and claim.

This invoice of exemption bears the date of its execution and delivery, and the claimant swears to the correctness of such date in the affidavit which accompanies and supports his claim for refund of the tax. This is a matter to which he can properly and accurately make oath because he, the claimant, is a party to said invoice of exemption by being required to sign same, along with the seller, at the time of delivery of the motor fuel, and to retain the duplicate thereof which is required to be delivered to him at that time.

A consideration of the premises convinces us that the motor fuel tax refund claimant in the instant case, and similar cases, cannot be held blameless, even under the factual situation presented in your letter, but is chargeable with the train of consequences which follows from the failure or refusal of the interested parties to execute, or cause to be executed, at the time of the delivery of the motor fuel in question, a proper invoice of exemption. It suffices not that all the other requirements of the statute for a valid and enforceable refund claim have been complied with, and that the motor fuel involved was actually used for such purposes as to make the tax thereon otherwise refundable. This plain and unmistakable mandate of the Legislature, requiring the Comptroller to disallow any refund claim where the invoice

Honorable George H. Sheppard, Page 6

of exemption was not timely executed, was designed as an enforcement feature of the law, to prevent or lessen the filing of fraudulent refund claims, and should be given full efficacy. The statutes cited do not give to the seller or user of the motor fuel, or the Comptroller, any discretion, in individual cases of hardship, to waive or relax the requirements of the statute.

It is our opinion that the claim described in your inquiry is rendered wholly invalid and void by the failure of the supporting invoice of exemption to be executed, issued and delivered in the statutory time and manner. Inasmuch as the claimant has caused a warrent to issue and be paid upon such claim, void by reason of his own acts and omissions, he becomes indebted to the State of Texas for moneys improperly had and received from the Treasury of the State, in the amount of such warrant, so as to justify or require a direct action against said claimant for recovery thereof, or to require you to invoke, in the issuance of future warrants to such claimant, the provisions of Article 4350, Vernon's Annotated Revised Civil Statutes of Texas, reading as follows:

"No warrant shall be issued to any person indebted to the State, or to his agent, or assignee, until such debt is paid."

We answer both of your questions in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JAN 25 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Pat M. Neff, Jr.
Assistant

PMN:GO

